*468 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ¶ Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against the respondent, W. Eugene Jessup, an attorney licensed to practice law in the States of Louisiana, Tennessee, and Georgia, based upon discipline imposed by the Supreme Court of Tennessee.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1996, respondent began representing a client in a highly contested alimony case in Tennessee. Ultimately, respondent was successful in obtaining a judgment that awarded his client $57,400 plus $12,500 in attorney’s fees. Based upon his contractual agreement with his client, respondent charged an hourly fee for his services, totaling approximately $41,000. Respondent received $17,418 of his total fee. When his client refused to pay the balance, he filed suit against her in the Chancery Court for Hamilton County, Tennessee. She, in turn, filed a counter-claim alleging that respondent charged an excessive fee. After a jury trial, judgment was rendered against respondent for charging an excessive fee, which the Court of Appeals of Tennessee at Knoxville affirmed in 2004.
lain February 2005, the Board of Professional Responsibility of the Supreme Court of Tennessee publicly censured respondent for charging his client an excessive fee, in violation of DR 2-106(A) of the Code of Professional Responsibility.
The ODC then filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21.[1] Attached to the motion was a certified copy of the order of the Board of Professional Responsibility of the Supreme Court of Tennessee filed March 4, 2005. On June 27, 2005, this court rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent filed a timely response, indicating he believes imposition of identical discipline in Louisiana would be unwarranted.
DISCUSSION
Tennessee imposed a public censure on respondent for charging his client an excessive fee in violation of DR 2-106(A). The equivalent Louisiana provision is Rule 1.5(a) of the Rules of Professional Conduct, which provides, in pertinent part, that “[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.” The record reveals that respondent’s conduct constitutes a violation of this rule, warranting discipline in Louisiana.
In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461, we held that “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.” Based on our review of the record, we find no 13extraordinary circumstances are present *469 which would compel a variance from the Tennessee sanction.
Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21. Because our rules do not provide for a public censure in bar disciplinary cases, we will impose a public reprimand, which is the closest equivalent available under our rules.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that W. Eugene Jessup, Louisiana Bar Roll number 17642, be publicly reprimanded.
KNOLL, J., dissents and would not impose reciprocal discipline.

. Reciprocal disciplinary proceedings were also instituted in Georgia, another state in which respondent is admitted. In October 2005, the Supreme Court of Georgia imposed a formal admonition upon respondent as reciprocal discipline.