648 S.E.2d 584

**In the Matter of Douglas M. SCHMIDT, Respondent.**

**No. 26356.**

Supreme Court of South Carolina.

Submitted June 12, 2007.

Decided July 9, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Douglas M. Schmidt, of Graniteville and New Orleans, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of a letter of caution, a confidential admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent is licensed to practice law in South Carolina and Louisiana. Until January 2005, respondent operated a law office in Louisiana only. However, following the train derail-

ment in Graniteville, South Carolina in January 2005, respondent opened a law office in Graniteville.

## Advertisements

In January 2005, respondent published several advertisements in the *Aiken Standard* newspaper in order to solicit clients as a result of the train accident. In two of these advertisements, respondent failed to disclose the location, by city or town, where he principally practiced law. Respondent also posted a billboard in Graniteville using a form of the word "specialist," when in fact respondent is not a specialist certified by this Court.[1]

## Solicitation Letters

On February 8, 2005, respondent sent a solicitation letter (Letter # 1) to residents in and around Graniteville, in which respondent referred to himself as a "neighborhood attorney" and included his photograph. Letter # 1 stated his staff "will review your claim to see if you are entitled to damages" and stated he was able to "achieve the best legal results possible." Respondent failed to disclose that he principally practiced law in Louisiana, did not disclose how he obtained the information prompting the communication, included a form of the word "expert," and provided an incorrect address and telephone number for the Commission on Lawyer Conduct (the Commission). Respondent did not file a copy of Letter # 1 with the Commission and did not pay the required filing fee within ten days of mailing the letter.

On February 18, 2005, respondent sent another solicitation letter (Letter # 2) to residents in and around Graniteville. Letter # 2 was similar, but not identical to Letter # 1, in that respondent removed his photograph and the word "expertise." Although respondent filed a copy of Letter # 2 with the Commission, he failed to provide a list of persons to whom the letter was sent.

On March 3, 2005, respondent sent a third solicitation letter (Letter # 3) to residents in and around Graniteville, in which he used the phrase "experts in law." Respondent failed to file a copy with the Commission, pay the filing fee, or provide a

---

1. Respondent taped over the word upon discovery of the error.

list of persons to whom it was sent within ten days of mailing Letter # 3. On March 22, 2005, respondent attempted to file Letter # 3 with the Commission, but failed to include a list of persons to whom it was mailed.

By letter dated March 7, 2005, ODC notified respondent of a complaint filed against him as a result of the solicitation letters and requested a response within fifteen days. Respondent failed to respond.[2]

### Client Letter

On June 16, 2005, respondent sent a letter to his clients regarding a proposed settlement. In the letter, respondent stated he was "picking up an average of an additional 25 clients a day," when, in fact, he was only adding between one and six clients per day. Although respondent believed the statement to be true, he did not verify this statement before including it in the letter.

## *LAW*

Respondent admits his conduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 7.1(a) (lawyer shall not make false, misleading, deceptive or unfair communications about the lawyer or his services); Rule 7.1(b) (lawyer shall not make communications that are likely to create an unjustified expectation about results the lawyer can achieve); Rule 7.1(c) (lawyer shall not compare his or her services with other lawyers' services); Rule 7.2(i) (all advertisements shall disclose the geographic location, by city or town, of the office in which the lawyer principally practices law); Rule 7.3(c) (every written or recorded communication subject to this Rule must comply with filing requirements); Rule 7.3(g) (any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication shall

---

**2.** Respondent ultimately responded to the complaint following notice of a full investigation.

disclose how the lawyer obtained the information prompting the communication); Rule 7.4(b) (lawyer shall not include any form of the words "expert" or "specialist" in advertisements); Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.

PLEICONES, J., not participating.