976 So.2d 1267 (2008)
In re Douglas M. SCHMIDT.
No. 2007-B-1996.
Supreme Court of Louisiana.
March 7, 2008.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel *1268 ("ODC") filed this reciprocal discipline proceeding against respondent, Douglas M. Schmidt, an attorney licensed to practice law in the States of Louisiana and South Carolina, based upon discipline imposed by the Supreme Court of South Carolina.

UNDERLYING FACTS AND PROCEDURAL HISTORY
Respondent is licensed to practice law in South Carolina and Louisiana. Until January 2005, respondent operated a law office in Louisiana only. However, following a train derailment in Graniteville, South Carolina in January 2005, respondent opened a law office in Graniteville.
In January 2005, respondent published several advertisements in the Aiken Standard newspaper in order to solicit clients as a result of the train accident. In two of these advertisements, respondent failed to disclose the location, by city or town, where he principally practiced law. Respondent also posted a billboard in Graniteville using a form of the word "specialist," when in fact he is not a specialist certified by the South Carolina Supreme Court.[1]
On February 8, 2005, respondent sent a solicitation letter (Letter # 1) to residents in and around Graniteville, in which he referred to himself as a "neighborhood attorney" and included his photograph. Letter # 1 stated that respondent's staff "will review your claim to see if you are entitled to damages," and stated he was able to "achieve the best legal results possible." Respondent failed to disclose that he principally practiced law in Louisiana, did not disclose how he obtained the information prompting the communication, included a form of the word "expert," and provided an incorrect address and telephone number for the Commission on Lawyer Conduct (the Commission). Respondent did not file a copy of Letter # 1 with the Commission, and did not pay the required filing fee within ten days of mailing the letter.
On February 18, 2005, respondent sent another solicitation letter (Letter #2) to residents in and around Graniteville. Letter #2 was similar, but not identical to Letter # 1, in that respondent removed his photograph and the word "expertise." Although respondent filed a copy of Letter # 2 with the Commission, he failed to provide a list of persons to whom the letter was sent.
On March 3, 2005, respondent sent a third solicitation letter (Letter # 3) to residents in and around Graniteville, in which he used the phrase "experts in law." Respondent failed to file a copy with the Commission, pay the filing fee, or provide a list of persons to whom it was sent within ten days of mailing Letter # 3. On March 22, 2005, respondent attempted to file Letter #3 with the Commission, but failed to include a list of persons to whom it was mailed.
On June 16, 2005, respondent sent a letter to his clients regarding a proposed settlement. In the letter, respondent stated he was "picking up an average of an additional 25 clients a day," when in fact he was only adding between one and six clients a day. Although respondent believed the statement to be true, he did not verify this statement before including it in the letter.
Following the institution of the disciplinary proceeding, respondent and the South Carolina Office of Disciplinary Counsel entered into an Agreement for Discipline by Consent. In the agreement, respondent admitted that his conduct as set forth above violated numerous provisions of the South Carolina Rules of Professional Conduct, *1269 principally those concerning lawyer advertising.[2] Respondent also consented to the imposition of a letter of caution, a confidential admonition, or a public reprimand as a sanction for his misconduct. By judgment filed on July 9, 2007, the South Carolina Supreme Court accepted the agreement and issued a public reprimand. In the Matter of Douglas M. Schmidt, 374 S.C. 167, 648 S.E.2d 584 (2007).
After receiving the Order of Public Reprimand from the Supreme Court of South Carolina, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the motion was a certified copy of the order of the Supreme Court of South Carolina. On October 9, 2007, this court rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent timely filed an opposition with this court in which he asserted that this court should elect not to impose reciprocal discipline against him because the violations charged in South Carolina were "technical violations or differences in semantics, many of which are not considered violations under the Louisiana Rules of Professional Conduct."

DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
In the instant case, respondent has made no showing of infirmities in the South Carolina proceeding, nor do we discern any from our review of the record. Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Supreme Court of South Carolina. We have held that "only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction." In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. Considering that we share authority over respondent *1270 with South Carolina, we will defer to that state's determination of discipline. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority"). Accordingly, we will impose reciprocal discipline of a public reprimand pursuant to Supreme Court Rule XIX, § 21.

DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Douglas M. Schmidt, Louisiana Bar Roll number 11789, be publicly reprimanded.
NOTES
[1] Respondent taped over the word upon discovery of the error.
[2] Respondent's conduct likewise constitutes a violation of the Louisiana Rules of Professional Conduct, specifically Rules 7.1 (a lawyer shall not make false, misleading, or deceptive communications about the lawyer or the lawyer's services) and 7.4 (a lawyer shall not state or imply that he is certified, a specialist, or an expert in a particular area of law).