# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Douglas M. Schmidt, Respondent

Appellate Case No. 2015-001524

---

Opinion No. 27582
Heard September 22, 2015 – Filed October 14, 2015

---

## PUBLIC REPRIMAND

---

Lesley M. Coggiola, Disciplinary Counsel, and Barbara
M. Seymour, Deputy Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, Esquire, of Bogan Law Firm, of
Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of a public reprimand.   We accept the Agreement and issue a public
reprimand.  The facts, as set forth in the Agreement, are as follows.

## Facts

On January 6, 2005, a Norfolk Southern Railway train derailed in Graniteville,
resulting in the release of chlorine gas from a tanker car.  The area surrounding the
train derailment was evacuated.  Several people died from exposure to the chlorine
and many more people suffered physical injuries and property damage.  At the
time of the derailment, respondent was licensed to practice law in South Carolina
and Louisiana, with his primary office in New Orleans.  Shortly after the

derailment, respondent opened an office in Graniteville for the purpose of representing clients in claims related to the chlorine exposure.

More than one hundred of the clients respondent represented had signed releases in exchange for payment from Norfolk Southern (the Railroad) prior to respondent's representation. Respondent filed suit against the Railroad on behalf of these clients but did not advise the clients that South Carolina law requires that a plaintiff who attempts to set aside a release must return the funds received to the defendant prior to filing suit. Respondent admits he knew about the releases and should have known about the law regarding repayment; therefore, he should have advised his clients of the law even if he believed there was a legal argument to be made against the tender requirement.

As a result of the failure to tender, the Railroad filed a motion for summary judgment. Respondent asserted that case law supported his position that his clients were not required to tender the money prior to filing suit; however, shortly thereafter, he sent letters to his clients informing them that within four days they must return the money paid to them by the Railroad four years earlier or their lawsuit would be dismissed.[1] Respondent assured the clients they would not lose their money and that even if the money were returned to the Railroad and the court ruled against the clients, they would get their money back. He also informed the clients that repayment of the funds was necessary in order to negotiate a larger settlement. However, respondent was aware the Railroad was not negotiating settlements for these clients and that it considered their claims settled and released. Ultimately, the court upheld the releases and dismissed the lawsuits on several grounds, including the failure of the clients to tender the funds.

Some of respondent's clients informed the local media of respondent's letter requesting return of the settlement funds. In an interview with a reporter, respondent commented on his clients' ability to return the funds and on the merits of his claim that the releases were signed under duress, and he admitted failure to return the money would result in dismissal of the claims. Respondent also stated the Railroad was asking for the return of the money and that his clients would be

---

[1] Even if respondent was not aware of the tender requirement when he filed suit, he was on notice of it when the Railroad raised the issue in its answer and during discovery many months before the motion for summary judgment was filed. In addition, if respondent was correct that tender was not required under the law, then his statements to his clients that the claims would be dismissed if they did not tender the money would have been incorrect.

able to negotiate higher settlements or seek additional damages if the funds were returned. These statements were not true. The Railroad did not ask for a return of the funds and had asked the court to dismiss the lawsuit because the clients had released their claims. Further, the Railroad was not negotiating settlements for these clients and considered the claims settled and released.

Following the media reports, the Railroad sought a gag order. The trial court found respondent's statements to the media were inaccurate and misleading and clearly violated Rule 3.6 of the Rules of Professional Conduct, Rule 407, SCACR. Respondent was ordered to pay the Railroad's fees and costs and to refrain from further public comment on the matter. Respondent filed an appeal, but after his clients' cases were dismissed, the parties stipulated to a dismissal of the appeal and vacation of the gag order and sanction.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client which requires legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation); Rule 1.2 (lawyer shall abide by client's decisions concerning objectives of representation and shall consult with client as to means by which they are to be pursued); and Rule 3.6 (lawyer participating in litigation shall not make extrajudicial statement lawyer knows or reasonably should know will be disseminated by means of public communication and will have substantial likelihood of materially prejudicing adjudicative proceeding in matter).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice, tending to bring courts or legal profession into disrepute and demonstrating unfitness to practice law).

## Conclusion

We find respondent's misconduct warrants a public reprimand.[2] Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[2] The Court publicly reprimanded respondent in 2007. *In the Matter of Schmidt*, 374 S.C. 167, 648 S.E.2d 584 (2007).