998 So.2d 83 (2009)
In re Daniel F. TYRRELL, Jr.
No. 2008-B-2402.
Supreme Court of Louisiana.
January 9, 2009.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") filed this reciprocal discipline proceeding against respondent, Daniel F. Tyrrell, Jr., an attorney licensed to practice law in the States of Louisiana and Delaware, based upon discipline imposed by the Supreme Court of Delaware.

UNDERLYING FACTS AND PROCEDURAL HISTORY
On July 16, 2008, the Supreme Court of Delaware issued an order immediately suspending respondent's license to practice law pending a final determination of disciplinary proceedings against him. In re: Tyrrell, No. 353, 2008 on the docket of the Supreme Court of the State of Delaware. In its order, the Delaware court concluded that respondent had engaged in professional misconduct demonstrating that he poses a significant threat of harm to the public and to the orderly administration of justice, based upon evidence that respondent had misappropriated client funds in connection with an estate matter.
After receiving notice of the order of the Delaware court, the ODC filed a petition to initiate reciprocal discipline in Louisiana. *84 On November 10, 2008, we granted the petition and placed respondent on interim suspension. In re: Tyrrell, 08-2136 (La.11/10/08), 993 So.2d 1208.
Meanwhile, in proceedings in Delaware, respondent consented to the imposition of disbarment for his misappropriation of $8,492.59 in client funds in the estate matter, which conduct respondent admitted was intentional. On September 10, 2008, the Supreme Court of Delaware accepted the Stipulation of Disbarment by Consent and disbarred respondent. In re Tyrrell, No. 448, 2008 on the docket of the Supreme Court of Delaware.
After receiving the Delaware disbarment judgment, the ODC filed a petition to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the Supreme Court of Delaware. On October 6, 2008, we rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent failed to file any response in this court.

DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
In the instant case, respondent has made no showing of infirmities in the Delaware proceeding, nor do we discern any from our review of the record. Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Supreme Court of Delaware. We have held that "only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction." In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. Considering that we share authority over respondent with Delaware, we will defer to that state's determination of discipline. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority"). Accordingly, we will impose reciprocal discipline of *85 disbarment pursuant to Supreme Court Rule XIX, § 21.

DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Daniel F. Tyrrell, Jr., Louisiana Bar Roll number 27119, be and he hereby is disbarred, retroactive to the date of his interim suspension ordered in In re: Tyrrell, 08-2136 (La. 11/10/08), 993 So.2d 1208. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked.