PER CURIAM.
 
 *
 

 | pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Itzchak E. Kornfeld, an attorney licensed to practice law in the States of Louisiana, New Jersey, and Pennsylvania, based upon discipline imposed by the Supreme Court of Pennsylvania.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 On June 24, 2009, the Supreme Court of Pennsylvania ordered respondent suspended on consent for two years, retroactive to July 1, 2008. According to a joint petition submitted in support of the proposed consent discipline, respondent created false documents to establish that he had timely filed an appeal on behalf of his client, when in fact he had missed the appeal deadline.
 

 After receiving notice of the Pennsylvania order of discipline, the ODC filed a petition to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Pennsylvania was attached to the motion. On March 15, 2011, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent timely filed a response in 12this court, in which he asserted that he was denied due process in the Pennsylvania disciplinary proceedings. Specifically, respondent represented that he agreed to the petition for consent discipline only because he was advised that if the matter proceeded to a formal hearing, he would not be permitted to introduce expert testimony that the misconduct at issue was caused by his hypoglycemia. In response to the filing by respondent, the ODC filed a pleading in which it asserted that respondent should not be given the opportunity to reconsider the petition for consent discipline in the context of this reciprocal discipline proceeding. Moreover, the ODC pointed out that the joint petition for consent discipline filed in Pennsylvania raised the issue of respondent’s claims of a medical condition which had a causal relationship to his misconduct.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or
 
 *63
 
 disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
 

 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 | s(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
 

 (4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918 So.2d 461.
 
 See also In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
 

 Applying the factors set forth in Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by our sister state. While we are sympathetic to respondent’s medical condition, our review of the record shows that this issue was raised in mitigation in the consent discipline proceedings in Pennsylvania. Accordingly, we will impose the same discipline against respondent as was imposed in Pennsylvania.
 

 DECREE
 

 Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that 14Itzchak E. Kornfeld, Louisiana Bar Roll number 20905, be and he hereby is suspended from the practice of law for two years.
 

 *
 

 Chief Justice Kimball not participating in the opinion.