*1017
 
 |,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Bambi Faivre Walters, an attorney licensed to practice law in the States of Louisiana and North Carolina, based upon discipline imposed by the Superior Court of North Carolina.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 In 2008, respondent filed a lawsuit as a party plaintiff in a case assigned to business court in Wake County, North Carolina. In compliance with court rules, respondent signed a case management report, pursuant to which she agreed to use the court’s electronic filing system and also agreed that no other service other than e-mail transmission from the court would be necessary. Approximately one year later, respondent intentionally blocked all e-mails from the court’s site, preventing her from receiving court orders and communications.
 

 On July 21, 2009, the court ordered respondent to produce certain tax return information. The order also gave respondent ten days to file an objection to invoices submitted for payment by a court-appointed receiver. The July 21, 2009 order was served on respondent by e-mail notification at three e-mail addresses which ^respondent had listed with the court. Respondent failed to file an objection and/or produce any tax information.
 

 On August 6, 2009, the receiver sent respondent an e-mail requesting the tax return information. This e-mail also mentioned the July 21, 2009 court order. Within an hour, respondent replied to the e-mail questioning what tax return information the receiver needed, but not inquiring further about the court order that the receiver had mentioned.
 

 On August 12, 2009, the court ordered respondent to pay the receiver’s invoices. The August 12, 2009 order was served on respondent by e-mail notification at the three e-mail addresses which respondent had listed with the court. Respondent failed to pay the invoices. On August 19, 2009, the receiver sent respondent a second e-mail indicating that he had not received the tax return information per his earlier requests and the court’s order.
 

 Due to respondent’s failure to comply with the court’s orders of July 21, 2009 and August 12, 2009, and her failure to file a status report pursuant to another order of the court entered on September 21, 2009, the court issued an order on September 30, 2009 requiring respondent to show cause why she should not be held in contempt.. The order also required respondent to appear at a show cause hearing on
 
 *1018
 
 October 22, 2009. The show cause order was served on respondent by e-mail notification at the three e-mail addresses which respondent had listed with the court.
 

 Respondent realized by the end of November 2009 that she had failed to appear at the show cause hearing. Respondent took no action between that time and the date of her disciplinary hearing on December 15, 2009 to apologize to the court or otherwise rectify the consequences of her actions.
 

 By order dated January 12, 2010, the Superior Court of North Carolina suspended respondent from the practice of law for nine months. The court found that |sby blocking any means of communication from the business court, respondent “completely abandoned her obligation as an attorney to the Business Court.” The court also found that respondent’s conduct was “either willful or the result of an intentional act that constituted gross negligence on her part.” The court’s order of discipline became final on February 3, 2010, when respondent formally withdrew her appeal of the order filed with the North Carolina Court of Appeals.
 

 After receiving the North Carolina order of discipline, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the Superior Court of North Carolina. On August 2, 2010, this court rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent filed a timely response in which she argues that the parties agreed to service that was not limited to the business court’s electronic case management system. Additionally, respondent submits that she was under severe stress due to a family tragedy and mounting hardships that occurred in the months prior to the business court hearing.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 D. Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
 

 |4(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy
 
 of
 
 the jurisdiction; or
 

 (4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 In determining the appropriate measure of reciprocal discipline, we are
 
 *1019
 
 not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918 So.2d 461.
 
 See also In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
 

 Applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Superior Court of North Carolina. While we are sympathetic to respondent’s family issues and financial hardships, our review of the record shows that the North Carolina tribunal considered all of these factors in its determination. Accordingly, we will impose reciprocal discipline of a |5nine-month suspension from the practice of law pursuant to Supreme Court Rule XIX, § 21.
 

 DECREE
 

 Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Bambi Faivre Walters, Louisiana Bar Roll number 25289, be suspended from the practice of law for a period of nine months.
 

 *
 

 Chief Justice Kimball not participating in the opinion.