ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
1 pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Bambi F. Walters, an attorney *267 licensed to practice law in the States of Louisiana and North Carolina.[1]
The procedural history of this matter is more complex than the ordinary reciprocal discipline matter. A full explanation is set forth below, but simply stated, these proceedings began when respondent was suspended in Virginia for two years, based upon allegations that she practiced law in Virginia without being licensed to do so and converted client funds. The ODC notified this court of respondent’s suspension on April 30, 2012, and suggested that reciprocal discipline should be imposed. Two days later, the ODC informed us that respondent had been disbarred in North Carolina for the same act of conversion that had previously been considered in Virginia. The ODC now urges that we consider both the Virginia judgment and the North Carolina judgment in this reciprocal discipline proceeding.
| .UNDERLYING FACTS AND PROCEDURAL HISTORY
Respondent was licensed to practice law in Louisiana in 1997 and in North Carolina in 2000. She has never been licensed to practice law in Virginia. Nevertheless, on August 19, 2008, respondent formed and registered with the Virginia State Corporation Commission the professional corporation Walters, PC, Bambi Faivre. On May 8, 2009, respondent’s law firm was registered with the Virginia State Bar as a professional law corporation.
From September 5, 2008 through April 10, 2009, respondent maintained a law office, Bambi Faivre Walters, PC, in Williamsburg, Virginia. On April 5, 2009, respondent entered into a lease for another location in Williamsburg. Neither the signage at respondent’s office nor her letterhead stationery disclosed that she is not licensed to practice law in Virginia.
On December 20, 2009, Linda Quigley, a Virginia attorney, filed a complaint with the Virginia State Bar alleging that respondent had been practicing law in Virginia without a license and that she had lied to Ms. Quigley and to her clients about being licensed by the Virginia State Bar. In connection with its investigation of the complaint, the Virginia State Bar learned that respondent had provided legal services in Virginia matters and that she represented parties in Virginia state court and before the Virginia State Corporation Commission without having been admitted to practice law in that state. Respondent signed and filed pleadings on behalf of parties, identifying herself as counsel for the party and listing her Virginia address, with no identification that she was not licensed to practice law in Virginia. In addition, respondent falsely represented that she was a Virginia lawyer in the printed brochures for her law firm and in her profile contained on two websites.[2]
lain a separate matter, the Virginia State Bar found that respondent had misappropriated $6,000 in funds belonging to her client, the Virginia chapter of the Po *268 lice Unity Tour (“PUT”), by making two withdrawals of $3,000 each from her client trust account and transferring the funds to her firm’s operating account. Respondent also failed to keep appropriate trust account records and commingled client funds with non-client funds in her firm’s operating account.
Based upon these findings, the Virginia State Bar instituted disciplinary proceedings against respondent. On January 18, 2012, a panel of the Circuit Court for James City County/the City of Williams-burg accepted an Agreed Disposition and suspended respondent for two years with conditions.[3] Virginia State Bar ex rel. Sixth District Committee v. Walters,' No. CL11-1027, 2012 WL 911327.
On January 26, 2012, the North Carolina State Bar charged respondent with misappropriating $6,000 in funds belonging to PUT. On April 24, 2012, respondent filed an affidavit with the Disciplinary Hearing Commission indicating that she “desire[d] to resign as an attorney and hereby tender my license to practice law in North Carolina.” Respondent further acknowledged that she had misappropriated her client’s funds and that she wished to resign from the practice of law “because I believe that I cannot successfully defend against the charges that I misappropriated $6,000 of entrusted client funds from my firm’s trust account and because I believe that taking this to trial is inefficient and wastes resources.” On April 30, 2012, the Disciplinary Hearing Commission accepted the surrender of | ¿respondent’s law license and entered an order disbarring her in North Carolina. The North Carolina State Bar v. Walters, No. 12 DHC 9.
After receiving notice of the Virginia order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Virginia court was attached to the motion. On May 1, 2012, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted.
On May 2, 2012, the ODC filed a supplement attaching a copy of the North Carolina judgment. The ODC acknowledged that this was an “unusual development,” but it nevertheless urged the court to consider both the Virginia judgment and the North Carolina judgment in this reciprocal discipline proceeding. On May 15, 2012, we rendered a second order specifically referencing the judgment disbarring respondent in North Carolina and giving her thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted.
Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
*269 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
|b(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
In the instant case, respondent has made no showing of infirmities in the North Carolina proceeding, nor do we discern any from our review of the record. Furthermore, we find no reason to deviate from the sanction imposed in North Carolina. Although we are not required to impose the same sanction as that imposed by our sister state, nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Here, there is little doubt that respondent’s conversion of client funds would warrant discipline in Louisiana. The proceedings in Virginia alleging that she engaged in the unauthorized practice of law simply reinforce our view that serious discipline is appropriate. Under these circumstances, we wifi impose the same discipline against respondent as was imposed in North Carolina and order that respondent be disbarred.
|fiDECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Bambi Faivre Walters, Louisiana Bar Roll number 25289, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys, and her license to practice law in the State of Louisiana shall be revoked.

 Chief Justice Kimball not participating in the opinion.

. Respondent has been the subject of a prior reciprocal discipline proceeding. On October 15, 2010, this court suspended respondent from the practice of law for nine months based upon discipline imposed by the Superi- or Court of North Carolina. In re: Walters, 10-1801 (La.10/15/10), 45 So.3d 1016.

. In late December 2009, respondent's firm profile appeared on Nolo.com and Linked-In.com. Both profiles indicated that respondent was a member of the Virginia State Bar, and the Nolo.com profile also listed her "bar roll number” and indicated that she had been licensed in Virginia since 1986. In fact, the bar roll number belongs to another Virginia lawyer who also practices law in Williams-burg. Respondent corrected the Internet profiles after Ms. Quigley filed her complaint.

. Pursuant to the Rules of the Supreme Court of Virginia, the term "suspension,” when applied to a lawyer not admitted or authorized to practice law in Virginia, "means the temporary or indefinite exclusion from the admission to, or the exercise of any privilege to, practice law in Virginia.”