ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURÍAM.
11 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Scott David Beal,[1] an attorney licensed to practice law in the States of Louisiana, Illinois, and Mississippi, based upon discipline imposed by the Supreme Court of Illinois.
UNDERLYING FACTS AND PROCEDURAL HISTORY

The Yankura Matter

In December 1999, John Yankura hired respondent to represent him in a personal injury matter. Respondent filed a lawsuit on Mr. Yankura’s behalf but subsequently neglected the matter. The suit was eventually dismissed due to respondent’s failure to use reasonable diligence to serve the defendant. Respondent also failed to communicate with Mr. Yankura during the representation despite Mr. Yankura’s numerous attempts to contact him. Respondent eventually moved to North Carolina but neglected to inform Mr. Yankura.

*502
The Tribolet Matter

Un June 2006, Catherine and James Tribolet hired respondent to represent them in a pending personal injury lawsuit. Eventually, the lawsuit was dismissed for lack of prosecution. Respondent made no effort to reinstate the case and failed to tell the Tribolets of the dismissal.

The Ritchie Matter

In September 2005, Emilia Ritchie hired respondent to represent her in a personal injury matter. Respondent filed a lawsuit on Ms. Ritchie’s behalf. However, in January 2009, he settled the case for $25,000 without Ms. Ritchie’s authorization. Ms. Ritchie’s case was dismissed with prejudice, but respondent failed to inform her of the dismissal. After Ms. Ritchie refused to sign the settlement release, respondent would not return her telephone calls.

The Chester Matter

In June 2006, Rodney Chester hired respondent to represent him in a personal injury matter. Respondent filed a lawsuit on Mr. Chester’s behalf, but the case was dismissed in January 2009 for lack of prosecution. Respondent made no effort to reinstate the case and failed to inform Mr. Chester of the dismissal. Between January 2009 and February 2010, Mr. Chester tried to contact respondent regarding the status of the case, but respondent failed to return his telephone calls.

The Donnelly Matter

In 2003, Christopher Donnelly hired respondent to represent him in a personal injury matter. In October 2004, respondent filed a lawsuit on Mr. Donnelly’s behalf. In May 2009, respondent settled Mr. Donnelly’s case for $25,000 without Mr. Donnelly’s authorization. After the ease was dismissed 1 ¡¡pursuant to the settlement agreement, respondent informed Mr. Don-nelly of the settlement. Mr. Donnelly agreed to sign the settlement release, and the settlement check was sent to respondent in October 2009. However, a year later, respondent still had not made any effort to distribute the settlement proceeds to Mr. Donnelly.

Rlinois Discipline

In September 2012, the Supreme Court of Illinois suspended respondent from the practice of law for two years and until further order of the court for violating the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.15(d) (failure to timely remit funds to a client or third person), 3.2 (failure to make reasonable efforts to expedite litigation), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). In re: Scott David Beal. Disciplinary Commission, M.R. 25422.
After receiving notice of the Illinois order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the order of the Supreme Court of Illinois were attached to the motion. On May 2, 2013, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
| .«Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of *503 paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(8) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or (4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Illinois proceeding, nor do we discern any from our review of the record. Furthermore, we find no reason to deviate from the sanction imposed in Illinois. Although we are not required to impose the same sanction as that imposed by Illinois, nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 881 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Here, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that he neglected legal matters, settled cases without his | r,clients’ approval, and failed to disburse settlement funds to a client. Under these circumstances, we find that a two-year suspension is warranted.
Accordingly, we will impose the same discipline against respondent as was imposed in Illinois.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Scott David Beal, Louisiana Bar Roll number 22941, be suspended from the practice of law for two years.

. Respondent's license to practice law in Louisiana is currently inactive.