ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|! Pursuant to Supreme Court Rule XIX, § 21(A),[1] the Office of Disciplinary Counsel *462 (“ODC”) has filed a motion for reciprocal discipline against respondent, Robert P. Aulston, III, an attorney licensed to practice law in the States of Louisiana and Illinois, based upon discipline imposed by the Supreme Court of Illinois.
DISCIPLINARY BACKGROUND
Respondent was admitted to practice in Louisiana in 1974. In 1981, respondent was disbarred in Louisiana based upon his 1978 federal conviction for making misrepresentations to banks and federal institutions. Louisiana State Bar Ass’n v. Aulston, 404 So.2d 271 (La.1981) (‘Aulston I ”). In 1995, respondent was readmitted in Louisiana and was also admitted to the Illinois bar.
In 2002, the Supreme Court of Illinois suspended respondent for a period of ninety days, stayed in its entirety by a 180-day period of conditional probation, for two counts of misconduct: (1) neglecting a legal matter and then misleading his client Lby fabricating a settlement and paying the client out of his own funds; and (2) failing to respond to his clients’ requests for information about their case after he was discharged. In In re: Aulston, 02-1921 (La.10/14/02), 829 So.2d 1012 (‘Aulston II”), this court imposed reciprocal discipline, suspending respondent for ninety days but deferring this suspension in its entirety subject to a 180-day period of probation.
UNDERLYING FACTS
In March 2005, the Administrator of the Illinois Attorney Registration and Disciplinary Commission filed a petition for consent discipline with the Supreme Court of Illinois. Respondent stipulated that the assertions of the petition were correct.

Misrepresentations on Bar Application

In May 2000, respondent submitted an application for admission to practice before the United States District Court for the Eastern District of Michigan, but failed to disclose on the application his prior disbarment in Aulston I. Thereafter, he was admitted to practice law in the Eastern District of Michigan.

Criminal Contempt

In May 2003, respondent filed an appearance in the United States District Court for the Northern District of Illinois to represent co-defendants in a criminal case. On the appearance form, respondent falsely claimed that he was a member of the trial bar and was the trial attorney for the criminal case. However, respondent knew he was not a member of the federal trial bar in the Northern District of Illinois and therefore was ineligible to be the trial attorney. Opposing counsel filed a | ^memorandum objecting to respondent’s representation of the defendants because he was not licensed to practice law in the Northern District of Illinois. In his response to the objection, respondent falsely claimed that his application for admission was pending.
Thereafter, in July 2003, respondent filed an application to be admitted pro hac vice in the criminal ease, on which he falsely stated that he had never been the subject of professional discipline and was not currently the subject of any investigations.[2] Relying on respondent’s claims, *463 the judge in the criminal case granted his application. However, approximately two months later, the judge learned that respondent’s application was false and revoked his pro hac vice status. Almost a year later, in August 2004, the judge found respondent guilty of criminal contempt.

Unauthorized Practice of Law in Michigan

From May 2002 through June 30, 2004, respondent lived and worked in Detroit, Michigan. During that time, respondent entered into an “of counsel” relationship with an attorney licensed to practice law in Michigan. Respondent assisted in cases pending in Michigan state courts, and on January 29, 2004, he appeared for a status conference in a Michigan state court case without first being admitted pro hac vice. Respondent also caused himself to be listed as an attorney in the “Yellow Pages” for Detroit, Michigan, in violation of Michigan law prohibiting the unauthorized practice of law or the misleading of others through advertising or other means about being authorized to practice law.
|4In the petition for consent discipline, the Administrator alleged that respondent violated Rules 3.3(a)(1) (making false statements of material fact or law to a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a)(3) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(a)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.5(a)(5) (engaging in conduct prejudicial to the administration of justice) of the Illinois Rules of Professional Conduct. The petition also alleged that respondent violated Illinois Supreme Court Rule 770 (engaging in conduct which tends to defeat the administration of justice or bring the courts or the legal profession into disrepute). Referencing respondent’s prior criminal history and prior disciplinary offenses as aggravating factors, and relying upon Illinois’ prior jurisprudence, the Administrator recommended that respondent be suspended for three years and until further order of the court.
Attached to the petition was respondent’s affidavit, in which he stated that the assertions in the petition were true and complete and that he joined in the petition freely and voluntarily. On May 20, 2005, the Supreme Court of Illinois ordered that respondent be suspended from the practice of law for three years and until further order of the court. In re: Robert P. Aulston, III, No. M.R.20113 on the docket of the Supreme Court of Illinois (hereinafter referred to as “Aulston III ”).
LOUISIANA DISCIPLINARY PROCEEDINGS
The ODC filed a petition to initiate reciprocal discipline in Louisiana. By order of this court dated June 10, 2005, respondent and the ODC were given thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, |B§ 21(D),[3] that the imposition of *464 identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent failed to file any response in this court. The ODC filed a response suggesting that we consider permanent disbarment.
DISCUSSION
In reciprocal discipline cases, this court imposes a disciplinary sanction for conduct for which a lawyer has been disciplined in another state. The primary issue to be addressed in such cases is the extent of the sanction to be imposed. In answering this question we are not required to impose the same sanction as that | ¿imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.[4]
In the instant case, the ODC urges us to deviate from the suspension imposed by the Illinois Supreme Court and impose permanent disbarment. After a careful review of the record, we find no extraordinary circumstances are present which compel a variance from the Illinois sanction.
Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Robert P. Aulston, III, Louisiana Bar Roll number 9969, be suspended from the practice of law in Louisiana for a period of three years.
KIMBALL, TRAYLOR and KNOLL, JJ., would set for hearing on permanent disbarment.

. Supreme Court Rule XIX, § 21(A) provides: Upon being disciplined or transferred to disability inactive status by another state disciplinary authority, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline or transfer. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined or transferred to disability inactive status in anoth *462 er jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. Respondent failed to disclose his discipline in Aulston I and Aulston II. Additionally, at the time of his pro hac vice application, respondent knew he was under investigation by the Administrator of the Illinois Attorney Registration and Disciplinary Commission for falsely holding himself out as an attorney licensed to practice law in Michigan. These *463 charges form the basis of Count III of the instant proceeding.

. Supreme Court Rule XIX, § 21(D) provides: Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demon-states, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof estab *464 lishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.

. For a compelling characterization of the reciprocal discipline standard, see In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003), in which the Court of Appeals for the District of Columbia stated:
We have adopted a rigid standard for reciprocal bar discipline cases. As already indicated, we presumptively impose identical reciprocal discipline, unless the attorney demonstrates by clear and convincing evidence that the case falls within one of five specified exceptions articulated in Rule XI, § 11(c).... While the plain language of Rule XI, § 11(c) places the burden on the disciplined attorney to establish by clear and convincing evidence that a lesser sanction is warranted, the Office of Bar Counsel also has standing to object to the imposition of identical discipline, ... and may recommend a different sanction when it believes an exception applies.... Such instances, however, should be rare. Underlying our strict standard in reciprocal bar discipline cases is not only the notion that another jurisdiction has already afforded the attorney a full disciplinary proceeding, but also the idea that there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority. [internal citations omitted]