| j ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Barrett B. Daly, based upon discipline imposed by the Supreme Court of Mississippi.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The underlying facts of this matter are set forth in detail in the opinion of the Supreme Court of Mississippi, which is reported as The Mississippi Bar v. Barrett B. Daly, Docket No. 2005-B-2168 (March 2, 2007). Based on the evidence developed in that proceeding, the Supreme Court of Mississippi concluded that respondent failed to abide by the client’s decisions concerning objectives of representation, failed to act with reasonable diligence and promptness, failed to communicate with his client, knowingly made a false statement of material fact to a tribunal, ignored the disciplinary process, and engaged in conduct prejudicial to the administration of justice, all in violation of numerous rules of the Mississippi Rules of Professional Conduct. As a sanction, the Supreme Court of Mississippi suspended respondent for a period of three years, effective March 2, 2007.
After receiving notice of the order of the Supreme Court of Mississippi, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. On May 23, 2007, this court rendered an order giving [¿respondent and the ODC thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwar *1150 ranted, and the reasons for that claim. After we granted several motions for additional time to file pleadings, respondent filed a response to the ODC’s motion on October 5, 2007. The ODC filed a reply to that response on October 9, 2007.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would- result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
|⅞(5) The reason for the original transfer to disability inactive status no longer exists.
In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, we have held that a significant variance from the sanction imposed by the other jurisdiction is warranted only under extraordinary circumstances. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461.
Upon review of respondent’s brief and other evidence, and applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Supreme Court of Mississippi. Rather, we find it appropriate to defer to the determination made by Mississippi, with which we share authority over respondent. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will suspend respondent from the practice of law in Louisiana for a period of three years as reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Barrett B. Daly, Louisiana Bar Roll number 4474, be suspended from the practice of law for a period of three years.