PER CURIAM.*
| ¡Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Gerard A. Bos,[1] an attorney licensed to practice law in the States of Louisiana and North Carolina, based upon discipline imposed by the Superior Court of Wake County, North Carolina.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On December 6, 2010, the Superior Court of Wake County, North Carolina issued an order disbarring respondent from the practice of law.[2] In its order, the court concluded that respondent misappropriated entrusted funds for his own personal benefit or for the benefit of a third party without authorization to do so from the beneficial owners of the funds. The North Carolina State Bar v. Gerard A. Bos, Number 10 CVS 004434 on the docket of the Wake County, North Carolina General Courts of Justice, Superior Court Division.
After receiving notice of the order of disbarment, the ODC filed a petition to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. |2A certified copy of the decision and order of the Superior Court of Wake County, North Carolina was attached to the motion. On January 11, 2011, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
*239 (5) The reason for the original transfer to disability inactive status no longer exists.
| sIn determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461.
Applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Superior Court of Wake County, North Carolina. Considering that we share authority over respondent with North Carolina, we will defer to that state’s determination of discipline. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose reciprocal discipline of disbarment pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Gerard A. Bos, Louisiana Bar Roll number 3217, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.

 Chief Justice Kimball not participating in the opinion.

. Respondent has been ineligible to practice law in Louisiana since June 19, 2010 for failure to comply with the mandatory continuing legal education requirements. He is also ineligible for failing to pay his bar dues and the disciplinary assessment.

. The court issued a consent order disbarring respondent based upon his "Affidavit of Surrender of Law License.”