ATTORNEY DISCIPLINARY PROCEEDINGS.
PER CURIAM.*
| pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel *1256 (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Shawn Patrick Sirgo,[1] an attorney licensed to practice law in the States of Louisiana and Tennessee, based upon a public censure imposed by the Board of Professional Responsibility of the Supreme Court of Tennessee.'[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
In March 2010, respondent was retained to represent the defendant in a criminal matter. The defendant was employed by a company which is also a client of respondent’s, and the company paid respondent’s legal fees on behalf of the employee. When the employee failed to reimburse the.company for these sums, respondent, pursuant to his representation of the company, acted as a collection agent for the company against its employee and participated in the termination of the employee from the company. Respondent also disclosed the amount of fees charged in the employee’s ease to the company, which withheld that amount from the ^employee’s last paycheck in violation of Tennessee, law. Respondent thereafter participated in litigation adverse to the employee and which was substantially related to the conduct that was the alleged reason for the employee’s termination from the company.
On January 11, 2011, the Board of Professional Responsibility of the Supreme Court of Tennessee issued an order of public censure upon respondent. In re: Shawn Sirgo, BPR File No. 33343c-5-KB, filed January 12, 2011. In its order, the board concluded that respondent created a conflict of interest directly adverse to his client, the employee, and failed to immediately withdraw from the representation.
After receiving notice of the order of public censure, the ODC filed a petition to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Board of Professional Responsibility of the Supreme Court of Tennessee was attached to the motion. On February 18, 2011, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent timely filed a response in which he asserted that this court should not impose reciprocal discipline because he has taken “corrective measures” to ensure that conflicts of interest involving employer/employee representation do not arise in the future.'
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary | .^counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
*1257 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
In the instant case, respondent has made no showing of infirmities in the Tennessee proceeding, nor do we discern any from our review of the record. Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Tennessee disciplinary authorities. We have held that only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461.
Applying the factors set forth in Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Board of Professional Responsibility of the Supreme Court of Tennessee. Considering that we share authority over respondent with Tennessee, we will defer to that state’s determination of discipline. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose the same discipline against respondent as was imposed in Tennessee.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Shawn Patrick Sirgo, Louisiana Bar Roll number 30061, be publicly reprimanded.

 Chief Justice Kimball not participating in the opinion.

. Respondent has been ineligible to practice law in Louisiana since July 24, 2008 for failure to comply with the mandatory continuing legal education requirements. He is also ineligible for failing to pay his bar dues and the disciplinary assessment.