ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ^Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Stacey L. Thomas,[1] an attorney licensed to practice law in the States of Louisiana and Alabama, based upon discipline imposed in two separate proceedings in Alabama.
UNDERLYING FACTS AND PROCEDURAL HISTORY

The Ineligibility Matter

In September 2011, respondent issued a $300 check to the Alabama State Bar in payment of the fee for her occupational license. The check was subsequently returned unpaid for insufficient funds. Respondent then failed to respond to the Bar’s requests for information concerning the check and failed to tender payment for her license. During this time, respondent was not licensed to practice law in Alabama, but she nevertheless continued to practice. On February 13, 2012, the Disciplinary Commission of the Alabama State Bar issued an order interimly suspending respondent from the practice of law and restricting her from 12maintaining an attorney trust account in any financial institution. In the Matter of Stacey L. Thomas, ASB No. 2012-306.

*1259
The Pinnacle Matter

From 2006 to 2008, respondent owned and operated Pinnacle Title Company (“Pinnacle”). In July 2006, Fred Thomas, respondent’s father and an employee of Pinnacle, closed the sale of a residential property located on Campanella Drive in Theodore, Alabama. According to respondent, the sale was conducted and closed without her knowledge or participation. The property was allegedly purchased by Carolyn Kelly from Michael Kennedy. A mortgage loan of $94,500 was made by New Century Mortgage Corporation in order to finance Ms. Kelly’s purchase. The mortgage was later assigned to U.S. Bank. Neither the mortgage nor the deed was recorded by Pinnacle. According to the closing statement, the sum of $56,525.57 was disbursed at closing to satisfy a prior mortgage on the property held by Option One Mortgage (“Option One”), but the disbursement was never received by Option One and the mortgage was never satisfied. In February 2009, U.S. Bank filed suit against respondent, her father, and other defendants regarding the sale of the Campanella Drive property and the failure to satisfy the first mortgage. Respondent and her father were served by the sheriff in March 2009. Respondent represented her father in the suit and failed to file a timely answer on his behalf. As a result, a default judgment was entered against them in the amount of $128,809.14.
The bank records for Pinnacle’s escrow account demonstrate that Pinnacle paid out over $112,000 in total payments on the Campanella Drive closing to Michael Kennedy, Dale Kennedy, Carolyn Kelly or SDF Properties (a business owned by Dale Kennedy). The loan from the lender for the closing on the Campanella Drive property was only $94,500. Moreover, the payments related to |sthe property were spread out over a lengthy period of time. The records also demonstrate that from May 2006 through November 2007, Pinnacle paid SDF Properties and/or Dale Kennedy almost $138,000. There were several instances where Pinnacle made multiple payments to SDF Properties and/or Dale Kennedy on individual closings.[2] Many of the checks were signed by respondent’s father but written by Jocelyn Easter, an employee of Pinnacle who was later fired after being convicted of mortgage fraud in an unrelated matter.
Ticor Title Company (“Ticor”) also filed suit against respondent, her father, and Pinnacle in relation to another real estate transaction involving Carolyn Kelly. Ticor alleged that Pinnacle had closed a real estate transaction involving a property located on Riverside Drive in Mobile. Like the previous transaction, the mortgage and deed were never recorded and a prior mortgage on the property was not satisfied after the closing. Respondent and her father were served with Ticor’s complaint in July 2010, but respondent failed to file an answer until December 2010. She also failed to timely file and/or properly respond to motions for discovery, which led to a judgment being issued against her and her father.
In January 2007, respondent’s father refinanced his home using Pinnacle as the closing company. On January 23, 2007, approximately $199,737.45 was wired into Pinnacle’s real estate account from the lender. Rather than disbursing the loan proceeds to Mr. Thomas, the bulk of the funds were left in the account in order to float the account and to make payments on *1260 other closings or to other third parties. Respondent maintained that she was unaware of the shortages in Pinnacle’s escrow account or that her father used funds from his refinance to fund shortages on the account.
In March 2012, respondent consented to be suspended from the practice of law for a period of ninety-one days, retroactive to February 13, 2012, the date of 14her interim suspension, for violating the following provisions of the Alabama Rules of Professional Conduct: Rules 1.3 (diligence), 1.4(a)(b) (communication), and 8.4(g) (misconduct). In the Matter of Stacey L. Thomas, ASB No. 2009-1460(A); ASB No. 2012-153; Rule 20(A); and Pet. No. 2012-306.[3]

The Purifoy Matter

In March 2010, John Purifoy hired respondent to probate the estate of his father. In February 2012, respondent failed to appear for a hearing in the matter. Thereafter, the court ruled against Mr. Purifoy and taxed costs against him.
Mr. Purifoy also hired respondent to handle a matter involving the eviction of a tenant from one of his rental properties. During the course of the matter, respondent obtained a default judgment for past due rent and was able to obtain a garnishment on the tenant’s wages. Respondent had the garnishment payments of $280 issued directly to her. She cashed the checks but failed to deposit the funds into a trust account. She also failed to maintain an IOLTA account and failed to remit some of the garnishment payments to Mr. Purifoy.
In December 2012, respondent consented to be suspended from the practice of law for a period of one hundred eighty days for violating the following provisions of the Alabama Rules of Professional Conduct: Rules 1.3, 1.15(a)(b)(g) (safekeeping property of clients or third persons), and 8.4(a)(g). In the Matter of Stacey L. Thomas, ASB No. 2011-1912. Respondent also agreed to pay restitution in the amount of $500 to Mr. Purifoy.
| sLouisiana Proceedings
After receiving notice of the Alabama orders of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the decisions and orders of the Disciplinary Commission of the Alabama State Bar were attached to the motion. On November 19, 2013, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to *1261 constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
| fiIn the instant case, respondent has made no showing of infirmities in the Alabama proceedings, nor do we discern any from our review of the record. Furthermore, we find no reason to deviate from the sanctions imposed against respondent in Alabama. Although the sanctions do appear somewhat lenient considering the severity of the misconduct at issue, nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, we agree that it is appropriate to defer to the Alabama judgments imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Alabama.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Stacey L. Thomas, Louisiana Bar Roll number 27892, 19767, be and she hereby is suspended from the practice of law for a period of ninety-one days, retroactive to February 13, 2012, the date of her interim suspension. It is further ordered that respondent be and she hereby is suspended from the practice of law for a period of one hundred eighty days.

. In 2012, this court accepted a joint petition for consent discipline in which respondent stipulated that she mishandled a real estate closing. For this misconduct, she was suspended from the practice of law for six months, fully deferred, subject to two years of probation. In re: Thomas, 12-1129 (La.6/22/12), 90 So.3d 1045.

. The record does not contain any details regarding the payments made to SDF Properties and to Dale Kennedy.

. This proceeding included respondent’s misconduct in both the Ineligibility matter and the Pinnacle matter. Because the period of suspension imposed upon respondent exceeds ninety days, the Alabama Rules of Disciplinary Procedure require that she formally petition for reinstatement to the practice of law in Alabama.