ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, David P. Buehler, an attorney licensed to practice law in Louisiana, Maryland, and Virginia, based upon discipline imposed in the Commonwealth of Virginia.
UNDERLYING FACTS AND PROCEDURAL HISTORY
By way of background, respondent represented Jill Sozio, d/b/a Jill’s Deli, Bakery & Grill, in several legal matters arising from Ms. Sozio’s lease of a premises located within a shopping center in Norfolk, Virginia for the operation of a business. In June 2011, an unlawful detainer action was filed against Ms. Sozio seeking $1,257.54 in unpaid rent and possession of the premises. Before the unlawful detain-er action was heard, respondent filed two actions on behalf of Ms. Sozio for alleged unlawful termination of the lease and wrongful eviction from the premises. One action was initiated with the filing of a petition for temporary injunction in which Ms. Sozio requested injunctive relief in the form of an order allowing her access to the premises to retrieve her personal property. The second action was brought in the form of a complaint requesting $1.55 million in damages for alleged breach of the lease, wrongful eviction, conversion of Ms. Sozio’s personal property, tortious interference with business relationships, and lost profits. | ¡Attorney Shane Smith represented SEI Realty, LLC and other parties adverse to Ms. Sozio (collectively referred to as “SEI”) in each of the legal proceedings.

Injunction Case

On July 19, 2011, an Agreed Order was entered in the injunction case. The Agreed Order, inter alia, allowed Ms. So-zio access to the premises for the sole purpose of retrieving her personal property, and ordered her to surrender possession of the premises no later than July 31, 2011 and sign and deliver an order dismissing her injunction action. In August 2011, Mr. Smith filed a motion requesting entry of an order requiring Ms. Sozio to show cause why she should not be held in contempt for violating the Agreed Order. When respondent failed to appear for a September 1, 2011 hearing on the motion, an order was entered ordering Ms. Sozio to show cause why she should not be held in contempt; dismissing the injunction action with prejudice; granting SEI leave to proceed to trial on the unlawful detainer *1009 action; and awarding SEI attorney’s fees and costs in connection with the motion.
On September 29, 2011, respondent filed a motion requesting that the September 1, 2011 order be vacated. In support of his request, respondent represented that he had not received the order until September 27, 2011. Respondent did not disclose the fact that Mr. Smith had sent the order to him by both mail and email on September 1st.
In October 2011, an order was entered awarding SEI $2,135 in attorney’s fees and costs incurred in connection with the motion. Respondent filed a pleading asking that the show cause order be vacated or modified and the request for attorney’s fees be denied.[1] In a letter to the trial court dated October 26, 2011, ^respondent stated that he had not received a copy of the July 19, 2011 Agreed Order until September, and that in the interim, he had provided Mr. Smith with a signed sketch order dismissing the injunction case. He then attributed the issuance of the show cause order to the sketch order having never been submitted for entry. Mr. Smith never received such an order from respondent. By email dated October 28, 2011, Mr. Smith requested that respondent provide proof he had sent the order. Respondent did not comply.

Damages Case

In response to the complaint for damages filed by respondent on behalf of Ms. Sozio, Mr. Smith filed a motion to dismiss, motion to quash service of process, and demurrer. Respondent sought an extension of time to respond to that filing in which he stated that he was “seeking to determine if counsel for Defendants will oppose this extension, but has not as of yet received a response.” However, when respondent made this representation, he had not requested an extension of time from Mr. Smith.
By order issued on September 22, 2011, counsel for the parties were ordered to appear at a scheduling conference on November 10, 2011, unless a scheduling order was filed prior to that date. Following the issuance of the September 22nd order, Mr. Smith attempted to obtain available trial dates from respondent so that a scheduling order could be submitted in lieu of attending the scheduling conference. Respondent failed to provide his available dates, and Mr. Smith filed a motion to set a trial date and enter a scheduling order.
On October 21, 2011, respondent filed a memorandum of lis pendens in the damages case, which operated as a prejudgment lien against the premises. Mr. Smith then filed a motion for leave to intervene, to quash lis pendens, and for |4sanctions,[2] asserting that the lis pendens was improperly filed. Respondent did not file a written opposition to the motion.
On November 10, 2011, a hearing was conducted on motions Mr. Smith had filed in the case, including the motion to set a trial date and enter a scheduling order and the motion to quash lis pendens and for sanctions. Respondent and Mr. Smith appeared at the hearing. Following arguments, the court, inter alia, granted the motion to quash lis pendens and awarded SEI attorney’s fees and costs incurred in connection with the motion.
*1010 Mr. Smith prepared and sent to respondent an order setting out the rulings made on the various motions and a scheduling order setting out the trial dates selected during the hearing. On November 18, 2011, respondent returned to Mr. Smith facsimile copies of both orders bearing his signature. Despite requests from Mr. Smith to return orders bearing respondent’s original signature, respondent failed to do so, resulting in delays in the entry of the orders.
On December 12, 2011, Mr. Smith sent to respondent via mail and email a copy of the order entered on that date granting the motion to quash lis pendens and for sanctions. Pursuant to the order, SEI was given twenty days to submit a bill and affidavit in support of its attorney’s fees award and Ms. Sozio was given twenty days to file an affidavit in opposition. Mr. Smith filed a billing statement and invoice and provided same to respondent well in advance of the twenty-day deadline, but respondent never filed an opposition on behalf of Ms. Sozio. In January 2012, Ms. Sozio was ordered to pay $4,239.50 in attorney’s fees incurred by SEI in connection with the motion to quash lis pendens.
In February 2012, respondent filed a motion for nonsuit. A week later, he filed a motion to withdraw as Ms. Sozio’s counsel. On March 13, 2012, the | ¿¡damages case filed by respondent was nonsuited and respondent was granted leave to withdraw.

Unlawful Detainer Case

Following a contested trial of the unlawful detainer action in September 2011, a judgment was entered in favor of SEI and against Ms. Sozio for both unpaid rent and possession of the premises. Respondent appealed. By email dated November 21, 2011, Mr. Smith tried to obtain respondent’s availability for the setting of an appeal trial date, but respondent failed to respond. Thereafter, Mr. Smith filed a motion to set a trial date and for entry of a scheduling order. Mr. Smith noticed a hearing on the motion for December 12, 2011. Respondent did not appear at the hearing, despite notice via mail and email to his last known mailing address and email address.
Multiple orders were entered during the December 12th hearing, including a scheduling order setting the case for trial on February 2, 2012. On the same day as the hearing, Mr. Smith’s administrative assistant sent respondent copies of these orders via mail and email to his last known mailing address and email address.
By letters to Mr. Smith and the clerk of the trial court dated January 26, 2012, respondent stated he had just discovered the unlawful detainer case was set for trial on February 2nd, was not aware a scheduling conference had taken place, and had not received the scheduling order. He then filed a motion for continuance in which he asserted his recent discovery of the February 2nd trial date.
On February 2, 2012, the court denied the request for continuance and granted Mr. Smith’s motion to exclude Ms. Sozio from presenting testimony or evidence other than for rebuttal or impeachment for non-compliance with the filing deadlines in the scheduling order. Following trial, judgment was entered for SEI for both unpaid rent and possession of the premises.
| (¿Thereafter, respondent filed a motion to withdraw as Ms. Sozio’s counsel. The motion was granted on March 13, 2012.

Virginia Discipline

In February 2014, the Virginia State Bar Disciplinary Board suspended respondent from the practice of law for six months for violating the following provisions of the Virginia Rules of Professional Conduct: Rules 1.3(a) (failure to act with *1011 reasonable diligence and promptness in representing a client), 3.1 (meritorious claims and contentions), 3.8(a)(1) (knowingly making a false statement of fact or law to a tribunal), 3.4(g) (a lawyer shall not intentionally or habitually violate any established rule of procedure or of evidence, where such conduct is disruptive of the proceedings), 4.4 (in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). In the Matter of David Peter Buehler, VSB Docket No.: 12-021-090634.
After receiving notice of the Virginia order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Virginia State Bar Disciplinary Board was attached to the motion. On March 26, 2014, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
| yDiscipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1)The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Virginia proceeding, nor do we discern any from our review of the record. Furthermore, there is no reason to deviate from the sanction imposed in Virginia. Although the sanction does appear somewhat lenient considering the numerous misrepresentations made by respondent in connection with his client’s legal matters, and the resulting harm to his client, nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
*1012 IsUnder these circumstances, we find it is appropriate to defer to the Virginia judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Virginia.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and -the record filed herein, it is ordered that respondent, David P. Buehler, Louisiana Bar Roll number 17927, be suspended from the practice of law for six months.

. Respondent did not set his pleading for a hearing, despite being requested to do so by Mr. Smith, who himself noticed it for hearing on January 31, 2012. Respondent did not appear at the hearing, and in his absence, an order was entered denying the relief respondent had requested.

. Prior to filing this motion, Mr. Smith had asked respondent to withdraw the memorandum of lis pendens for the reasons that Mr. Smith would later set out in his motion to quash. Respondent did not withdraw it.