PER CURIAM.
h Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Kelly P. Ward, an attorney licensed to practice law in Louisiana and Illinois, based upon discipline imposed by the Supreme Court of Illinois.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On September 23, 2012, respondent was involved in an automobile accident when he failed to yield at a stop sign and collided with another vehicle. Despite causing extensive damage to the other vehicle and losing his front bumper, respondent fled the scene of the accident. On September 26, 2012, respondent was arrested. On March 7, 2014, he pleaded guilty to the misdemeanor charge of leaving the scene of a property damage accident. He was sentenced to two years of probation. Additionally, he was ordered to not consume alcohol, to not enter any establishment whose primary purpose is the sale of alcohol, to submit to weekly random drug and alcohol testing, and to complete an alcohol/drug assessment, treatment program, and risk assessment.
Additionally, between May 2010 and October 2011, the Illinois Attorney Registration and Disciplinary Commission (“ARDC”) received correspondence from several judges expressing concern that respondent was impaired and smelled |gof alcohol during court appearances. In one particular divorce case, respondent appeared in court smelling of alcohol. He was unsteady and had difficulty formulating appropriate questions for the court proceeding, which resulted in the judge continuing the case to a later date.
Based on these facts, the ARDC filed a complaint against respondent, alleging he violated the following provisions of the Illinois Rules of Professional Conduct: Rules 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(d) (engaging in conduct prejudicial to the administration of justice). On September 16, 2015, the Supreme Court of Illinois accepted a petition to impose discipline on consent and suspended respondent from the practice of law for two years, with the suspension stayed in its entirety, subject to a two-year period of probation with conditions.
Thereafter, respondent violated his probation by failing to abstain from the use of alcohol, failing to submit to random drug tests, and failing to report his lapse in sobriety to the ARDC. On June 16, 2015, the Supreme Court of Illinois revoked re *438 spondent’s probation, vacated the stay of his suspension, and suspended him from, the practice of law for two years.
After receiving notice of the Illinois order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Illinois was attached to the motion. On April 25, 2016, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
^discussion
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel- or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4)The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Illinois proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Illinois as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
14Under these circumstances, it is appropriate to defer to the Illinois judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Illinois.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Kelly P. Ward, Louisiana Bar Roll number 23588, be and he hereby is sus *439 pended from the practice of law for a period of two years.