PER CURIAM.
|, Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Jeffrey N. Aldous, an attorney licensed to practice law in Louisiana and Utah, based upon discipline imposed by the Ethics and Discipline Committee of the Utah Supreme Court.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In March 2013, a client paid respondent a $5,000 retainer to draft a compensation plan and prepare trademarks for the client’s company. Eventually, respondent stopped .communicating-with the client. On May 1, 2013, the client terminated respondent’s services and requested an accounting and refund of the retainer.-. The client requested an accounting and a refund three additional times, with no response from respondent, before filing an attorney disciplinary complaint against him with the Utah Office of Professional Conduct (“OPC”). Respondent failed to respond to the complaint or otherwise cooperate with the OPC in its investigation.
The Ethics and Discipline Committee of the Utah Supreme Court found that respondent’s conduct violated the following provisions of the Utah Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client) and 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary ^authority). Consequently, on December 10, 2015, the chair of the Ethics and Discipline Committee publicly reprimanded respondent.
After receiving notice of the Utah order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Ethics and Discipline Committee of the Utah- Supreme Court was attached to the motion. On April 27, 2016, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respon *440 dent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ...' unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different ^discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Utah proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Utah as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, it is appropriate to defer to the Utah judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Utah.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Jeffrey N. Aldous, Louisiana Bar Roll number 18759, be and hereby is publicly reprimanded.