PER CURIAM
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Sabinus A. Megwa,[1] an attorney *450 licensed to practice law in Louisiana and Arizona, based upon discipline imposed by the Supreme Court of Arizona.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In September 2012, Miriam Medina hired respondent to represent her and her two minor children in a personal injury matter. The defendant insurance company offered to settle all three claims on March 17, 2014. However, the claims for the two minor children were subject to court approval and required the filing of a petition for the appointment of a conservator. Thereafter, respondent neglected the matter and failed to adequately communicate with his clients. Respondent did not file the conservatorship petition until May 19, 2016. He also failed to provide his clients and the defendant insurance company with status updates on the settlement and conservatorship appointment despite their repeated requests for information.
On August 24, 2017, respondent and the State Bar of Arizona filed an agreement for discipline by consent with the Supreme Court of Arizona. On August 30, 3017, the presiding disciplinary judge of the Supreme Court of Arizona accepted the parties' proposed agreement and ordered that respondent be suspended from the practice of law for thirty days, effective thirty days from the date of the order. The presiding disciplinary judge also ordered that, upon reinstatement to the practice of law,[2] respondent shall be placed on probation for a period of eighteen months, subject to the conditions that he (1) contact the State Bar of Arizona compliance monitor within ten days of his reinstatement to the active practice of law, (2) submit to a Law Office Management Assistance Program examination of his office procedures, and (3) sign terms and conditions of participation in the Law Office Management Assistance Program, including reporting requirements, that shall be incorporated into his probation.
After receiving notice of the Arizona order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A copy of the Final Judgment and Order issued by the Supreme Court of Arizona was attached to the motion. On May 15, 2018, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of *451 proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Arizona proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Arizona as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, it is appropriate to defer to the Arizona judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of a thirty-day suspension from the practice of law, followed by eighteen months of supervised probation.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Sabinus A. Megwa, Louisiana Bar Roll number 9409, be and he hereby is suspended from the practice of law for a period of thirty days, followed by an eighteen-month period of supervised probation.

Respondent has been ineligible to practice law in Louisiana since September 6, 1995 for failing to pay his bar dues. He is also ineligible to practice law in Louisiana for failing to pay the disciplinary assessment, failing to fulfill mandatory continuing legal education requirements, and failing to file a trust account disclosure statement.

The presiding disciplinary judge ordered that respondent be reinstated to the practice of law in Arizona on November 3, 2017.