PER CURIAM
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Richard Joseph Deaguero, an attorney licensed to practice law in Louisiana and Texas, based upon discipline imposed in three separate proceedings in Texas *587 UNDERLYING FACTS AND PROCEDURAL HISTORY
The first Texas proceeding stemmed from respondent's criminal representation of Brandy Lynn Pierre in 2015. Respondent neglected Ms. Pierre's legal matter and failed to refund the unearned fee upon termination of the representation. For this misconduct, respondent was suspended from the practice of law for eighteen months, beginning April 16, 2018 and ending October 15, 2019. The suspension was fully probated, subject to several conditions, including paying $ 1,500 in restitution to Ms. Pierre on or before June 1, 2018. Commission for Lawyer Discipline v. Deaguero , No. 201701838 on the docket of the District 6 Grievance Committee, Evidentiary Panel 6-2, of the State Bar of Texas.
In the second Texas proceeding, respondent offered to pay money to a criminal client whenever the client referred other clients or prospective clients to him. For this misconduct, respondent was suspended from the practice of law for three years, beginning November 8, 2018 and ending November 7, 2021. The suspension was fully probated, subject to several conditions. Commission for Lawyer Discipline v. Deaguero , No. 201704963 on the docket of the District 6 Grievance Committee, Evidentiary Panel 3, of the State Bar of Texas.
The third Texas proceeding stemmed from respondent's representation of Jean Martinez in a lawsuit against her employer. On April 5, 2017, Ms. Martinez' husband, Joe Martinez, paid respondent $ 1,500 to represent his wife. Respondent failed to keep the fee in a separate trust account and failed to withdraw from the representation when he was fired. For this misconduct, respondent was suspended from the practice of law for two years, beginning December 1, 2018 and ending November 30, 2020. All but three months of the suspension was probated, subject to several conditions, including paying $ 1,500 in restitution to Mr. Martinez on or before February 28, 2019. If respondent complied with all of the conditions, his active period of suspension was ordered to begin on December 1, 2018 and end on February 28, 2019, with the probated portion beginning on March 1, 2019 and ending on November 30, 2020. Commission for Lawyer Discipline v. Deaguero , No. 201703997 on the docket of the District 6 Grievance Committee, Evidentiary Panel 6-4, of the State Bar of Texas.
After receiving notice of the Texas orders of discipline, the ODC filed a petition for reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Copies of the three judgments issued by the State Bar of Texas were attached to the petition. On February 6, 2019, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as *588 to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Texas proceedings, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanctions imposed in Texas as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, it is appropriate to defer to the Texas judgments imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of (1) a fully deferred eighteen-month suspension from the practice of law, subject to the terms of probation set forth in the Texas judgment; (2) a fully deferred three-year suspension from the practice of law, subject to the terms of probation set forth in the Texas judgment; and (3) a two-year suspension from the practice of law, with all but three month deferred, subject to the terms of probation set forth in the Texas judgment.
DECREE
Considering the Petition for Reciprocal Discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Richard Joseph Deaguero, Louisiana Bar Roll number 17939, be suspended from the practice of law for a period of eighteen months, beginning April 16, 2018 and ending October 15, 2019. This suspension shall be deferred in its entirety, subject to the terms of probation set forth in Commission for Lawyer Discipline v. Deaguero , No. 201701838 on the docket of the District 6 Grievance Committee, Evidentiary Panel 6-2, of the State Bar of Texas.
It is further ordered that respondent be suspended from the practice of law for a period of three years, beginning November 8, 2018 and ending November 7, 2021. This suspension shall be deferred in its entirety, subject to the terms of probation set forth in Commission for Lawyer Discipline v. Deaguero , No. 201704963 on the docket of the District 6 Grievance Committee, Evidentiary Panel 3, of the State Bar of Texas.
It is further ordered that respondent be suspended from the practice of law for a period of two years, beginning December 1, 2018 and ending November 30, 2020. All but three months of this suspension shall be deferred, subject to the terms of *589 probation set forth in C ommission for Lawyer Discipline v. Deaguero , No. 201703997 on the docket of the District 6 Grievance Committee, Evidentiary Panel 6-4, of the State Bar of Texas.
It is further ordered that any violation of the terms of probation may result in the deferred portion of these suspensions becoming executory, or the imposition of different discipline, as appropriate.