PER CURIAM
*288 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Warner H. Anthony, Jr., an attorney licensed to practice law in Louisiana and the District of Columbia, based upon discipline imposed by the D.C. Court of Appeals.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On December 13, 2018, the D.C. Court of Appeals suspended respondent from the practice of law for a period of one year for misconduct related to his representation of two clients and for his failure to respond to the charges brought by the Office of Disciplinary Counsel for the District of Columbia ("ODC-DC"). The court's order also provides that respondent's reinstatement be conditioned upon a showing of fitness.
The misconduct at issue encompasses respondent's failure to competently and diligently represent his clients in a federal tax matter, which occurred when he failed to provide them with a written retainer agreement and then, after filing three petitions in the U.S. Tax Court on their behalf, failed to comply with court rules or respond to court orders, resulting in dismissal of the petitions. The dismissal of these petitions foreclosed any further challenge to the contested tax assessments. Respondent also failed to respond to his clients' requests for information and misrepresented the status of the dismissed petitions. Thereafter, when his clients obtained new counsel, respondent failed to respond to counsel's request for their files. As noted above, he also failed to cooperate with the ODC-DC in its investigation of these matters.
After receiving notice of the D.C. order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A copy of the Final Judgment and Order issued by D.C. Court of Appeals was attached to the motion. On February 5, 2019, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to *289 the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the D.C. proceeding, nor do we discern any from our review of the record. Furthermore, we feel there is no reason to deviate from the sanction imposed in D.C. as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, we find it is appropriate to defer to the D.C. judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of a one-year suspension from the practice of law.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel, respondent's response thereto, and the record filed herein, it is ordered that respondent, Warner H. Anthony, Jr., Louisiana Bar Roll number 2510, be and he hereby is suspended from the practice of law in Louisiana for a period of one year.