PER CURIAM.
| j Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Lynn Plaisance Johnson, an attorney licensed to practice law in Louisiana and Missouri, based upon discipline imposed in Missouri.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2012, the Missouri Office of the Chief Disciplinary Counsel received two complaints against respondent. Respondent failed to respond to the complaints, despite receiving notice thereof and extensions of time to respond.

Missouri Discipline

On September 30, 2014, the Supreme Court of Missouri reprimanded respondent for violating Rule 4 — 8.1(c) (knowing failure to respond to a lawful demand for information from a disciplinary authority) of the Missouri Rules of Professional Conduct. In re: Lynn Plaisance Johnson, Supreme Court of Missouri Docket No.: SC94369; MBE # 44073.
After receiving notice of the Missouri order of discipline, the ODC filed a motion *827 to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the ^Supreme Court of Missouri was attached to the motion. On March 4, 2015, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent subsequently filed a notice of acceptance of reciprocal discipline.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall-impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent ■with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Missouri proceeding, nor do we discern any from our review of the record. Furthermore, there is no reason to deviate from the sanction imposed in Missouri as only under extraordinary circumstances should there be a significant variance |Rfrom the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, we find it appropriate to defer to the Missouri judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Missouri.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Lynn Ann Plaisance, also known as Lynn Plaisance Johnson, Louisiana Bar Roll number 20330, be publicly reprimanded.