ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| í Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Quenton I. White, an attorney licensed to practice law in the States of Louisiana and Tennessee, based upon discipline imposed by the Board of Professional Responsibility of the Supreme Court of Tennessee.
UNDERLYING FACTS AND PROCEDURAL HISTORY:
Between August 8, 2012 and September 13, 2012, respondent’s license to practice law in Tennessee was suspended for IOLTA noncompliance and failure to pay the annual registration fee. During this time period, respondent continued to practice law and continued to hold himself out as a practicing attorney on his website.
In January 2013, the Board of Professional Responsibility of the Supreme Court of Tennessee publicly censured respondent for violating Rule 5.5 (unauthorized practice of law) of the Rules of Professional Conduct. In re: Quenton White, BPR No. 15136, File No. 35528-5-PS.
After receiving notice of the Tennessee order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the order of the Board of Professional Responsibility of the Supreme Court of Tennessee were attached to 12the motion. On February 26, 2013, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
*1084 DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Tennessee proceeding, nor do we discern any from our review of the record. Furthermore, we find no reason to deviate from the sanction imposed in Tennessee for respondent’s misconduct. Although we are not required to impose the same sanction as that imposed by our sister state, nevertheless, only under extraordinary | (¡circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Here, there- is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that he practiced law at a time when he was not eligible to do so. Under these circumstances, we agree that a public reprimand is warranted.
Accordingly, we will impose the same discipline against respondent as was imposed in Tennessee.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Quenton I. White, also known as Q. Irwin White, Louisiana Bar Roll number 17426, be publicly reprimanded.