*692 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
11 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Quenton I. White, an attorney licensed to practice law in Louisiana and Tennessee, based upon discipline imposed by the Supreme Court of Tennessee.[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
On February 9, 2016, the Supreme Court of Tennessee issued an order immediately suspending respondent’s license to practice law pending a final determination of disciplinary proceedings against him. In its order, the Tennessee court concluded that respondent had engaged in professional misconduct demonstrating that he poses a significant threat of harm to the public, based upon evidence that he had misappropriated funds.
After receiving notice of the order of the Tennessee court, the ODC filed a petition to initiate reciprocal discipline in Louisiana. On May 13, 2016, we granted the petition and placed respondent on interim suspension. In re: White, 16-0392 (La. 5/13/16), 190 So.3d 1183.
|2On October 20, 2016, pursuant to a conditional guilty plea filed by respondent, the Supreme Court of Tennessee entered an order adjudging respondent guilty of misconduct as a result of violations of Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15 (safekeeping property of clients or third persons), 1.16 (obligations upon termination of the representation), and 8.4 (misconduct) of the Tennessee Rules of Professional Conduct. In re: Quenton I. White, BPR No. 15136, File No. M2016-02104-SC-BAR-BP. For this misconduct, the court ordered that respondent be disbarred, effective as of the date of the filing of the order.
After receiving notice of the Tennessee order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Tennessee was attached to the motion. On December 1, 2016, this court rendered an order giving respondent thirty days to *693 demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Tennessee proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Tennessee as only under extraordinary circumstances should there be a significant variance from the sanction imposed by. the other jurisdiction. In re: Aulston, 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority’’).
Under these circumstances, it is appropriate to defer to the Tennessee judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of disbarment, effective as of the finality of our judgment.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Quenton I. White, also known as Q. Irwin White, Louisiana Bar Roll number 17426, be and he hereby is disbarred, effective as of the finality of this judgment. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.

. Respondent has been the subject of a prior reciprocal discipline proceeding. In In re: White, 13-0439 (La. 04/19/13), 113 So.3d 1083, we publicly reprimanded respondent based upon discipline imposed by the Supreme Court of Tennessee.