| .ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Kathy R. McCoy O’Quinn, an attorney licensed to practice law in the States of Louisiana and Arizona, based upon discipline imposed by the Supreme Court of Arizona.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2005, the State Bar of Arizona charged respondent with multiple counts of attorney misconduct under the Arizona Rules of Professional Conduct. The formal charges generally involved trust account violations and a pattern of neglect by respondent of client matters. Furthermore, in each instance respondent failed to *1266 cooperate with the State Bar in its investigation. A hearing officer conducted a hearing in the matter, following which the parties reached an agreement for consent discipline in which respondent stipulated to most of the relevant facts and alleged rule violations. The hearing officer adopted the stipulated facts and recommended a six month and one day suspension, two years of probation with the State Bar’s Member Assistance Program (MAP), and restitution. On review, the Disciplinary Commission of the Supreme Court of Arizona accepted the hearing officer’s findings of fact, conclusions of law, and recommendation of discipline. Neither party sought review hpf the Commission’s decision; however, the Supreme Court of Arizona exercised its right of sua sponte review to modify a portion of the sanction. On September 26, 2006, the Supreme Court of Arizona ordered that respondent be suspended from the practice of law for six months and one day and that she pay restitution. In re O’Quinn, No. SB-06-0122-D on the docket of the Supreme Court of Arizona. The court further ordered that respondent would not be placed on probation with MAP during the period of her suspension; rather, respondent’s continued participation in MAP would be imposed as a condition of reinstatement. In a separate judgment rendered on May 22, 2007, the court imposed a six-month suspension, to run concurrently with the suspension in the prior matter, for additional attorney misconduct by respondent. In re O’Quinn, No. SB-07-0060-D on the docket of the Supreme Court of Arizona.
After receiving the Arizona judgments, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the motion was a certified copy of the orders of the Supreme Court of Arizona. On October 15, 2007, this court rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent timely filed an opposition with this court.
■ DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions Rof paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
(5) The reason for the original transfer to disability inactive status no longer exists.
*1267 In the instant case, respondent has made no showing of infirmities in the Arizona proceeding, nor do we discern any from our review of the record. Furthermore, we find no extraordinary circumstances which warrant deviation from the sanction imposed by the Supreme Court of Arizona. We have held that “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.” In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. Considering that we share authority over respondent with Arizona, we will defer to that state’s determination of discipline. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we |4share supervisory authority”). Accordingly, we will impose reciprocal discipline of a six month and one day suspension pursuant to Supreme Court Rule XIX, § 21. Additionally, in the event respondent applies for reinstatement in Louisiana after becoming eligible to do so, we specifically direct that she provide competent proof of her continued participation in an appropriate lawyer’s assistance program.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Kathy R. McCoy O’Quinn, Louisiana Bar Roll number 14195, be suspended from the practice of law for six months and one day.