PER CURIAM
|! Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Kathy McCoy O’Quinn,[1] an attorney licensed to practice law in Louisiana and Arizona, based upon discipline imposed by the Supreme Court of Arizona.
UNDERLYING FACTS AND PROCEDURAL HISTORY

Count I—The England Matter

In July 2015, Jaime England hired respondent to represent him in a criminal matter in Maricopa County, Arizona. Mr. England paid respondent $5,000 for the representation, which included filing a special action with the court of appeal. The court of appeal dismissed Mr. England’s matter because respondent failed to comply with an administrative order. Despite both verbal and written requests from Mr. England and his family, respondent failed to return Mr. England’s client file in a timely manner.

19Count II—The BrooksfWhite Matter

In April 2014, respondent was retained to represent Walter Lee Brooks in a criminal matter in Maricopa County, Arizona. In December 2014, respondent was retained to represent Edgar Allan White, Jr. in a separate but related criminal matter in Maricopa County. Both Mr. Brooks and Mr. White eventually requested that respondent be removed from their cases due to perceived inaction and lack of communication, which requests were granted. The court ordered respondent to appear on February 23, 2016 for show cause hearings, but she failed to appear.

Count III—The Schatz Matter

In August 2015, Craig Schatz paid respondent $3,500 to clear his driving records in multiple states. Thereafter, despite numerous attempts, neither Mr. Schatz *834 nor his mother was able to contact respondent regarding the status of his legal matter. In October 2015, Mr. Schatz and his mother requested that respondent cease working on the matter and refund any unearned fee. On December 12, 2015, respondent informed Mr. Schatz’s .mother that she would not refund any of the fee paid. Despite repeated requests, respondent failed to account for the fees or return the client file. Court records revealed that respondent did not appear in or file any documents in any of Mr. Schatz’s active or completed cases, She also failed to respond to numerous letters about her: conduct in this matter from the State Bar of Arizona.
In the latter part of August 2016, the State Bar of Arizona received information that respondent was evicted from her apartment and left behind eleven boxes of client files (as well as all of her furniture and two cats). Shortly thereafter, the State Bar’s Conservatorship Coordinator located and took possession of the abandoned client files from' respondent’s apartment and additional client files from the apartment complex dumpster. '
|sOn February 2, 2017, the Supreme Court of Arizona disbarred respondent for violating several provisions of Arizona’s Rules of Professional Conduct. The Supreme Court of Arizona also ordered respondent to pay restitution, plus legal interest, to Mr. England and Mr, Schatz.
After receiving notice of the Arizona order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Arizona was attached to the motion. On April 27, 2017, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response-in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical ‘discipline .., unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity- to be heard as to constitute a deprivation. of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its' duty,' accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court, would result in •grave injustice or be offensive to the public policy of the jurisdiction; or ■
(4) The misconduct established warrants substantially different discipline in this state; .,,
|Jf this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden , is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
*835 In the instant case, respondent has made no showing of infirmities in the Arizona proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to. deviate from the sanction imposed in Arizona as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, it is appropriate to defer to the Arizona judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Arizona and order that she be disbarred.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it. is ordered that respondent, Kathy McCoy O'Quinn, Louisiana Bar Roll number 14195, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys, and her license to practice law in the State of Louisiana shall be revoked.
CLARK, J., recused.

. In 2008, this court imposed reciprocal discipline upon respondent, in the form of a suspension of six months and one day, based on discipline imposed by the Supreme Court of Arizona. In re: O’Quinn, 07-2018 (La. 3/7/08), 976 So.2d 1265. Her reinstatement to the practice of law in Louisiana from this suspension occurred on July 21, 2015, However, she has been ineligible to practice law in Louisiana since June 3, 2016 for failing to comply with mandatory continuing legal education requirements. She is also ineligible to practice law for failing to pay bar dues and the disciplinary assessment, as well as failing to file her trust account disclosure statement.