. ATTORNEY DISCIPLINARY PROCEEDING PER CURIAM | ¡Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has. filed a petition seeking the imposition of reciprocal discipline against respondent,. Erica May Lotz, an attorney licensed to practice law in-Louisiana and Tennessee, based upon discipline imposed by the Supreme Court of Tennessee. . UNDERLYING FACTS AND PROCEDURAL HISTORY In her representation of a client in a divorce action, respondent withdrew unearned client fees from her trust account and commingled those fees with her own personal funds. After being discharged by her client, respondent failed to promptly return any unearned fees. On July 11, 2017, the Supreme Court of Tennessee publicly censured respondent for violating Rules 1.15(a)(c) (safekeeping property of clients or third persons and 1.16(d)(6) (obligations upon termination of the representation) of the Rules of Professional Conduct. After receiving notice of the Tennessee order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Tennessee was attached to the motion. On August 18, 2017, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court. | ¿DISCUSSION The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides: Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that: (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public' policy of the jurisdiction; or (4) The misconduct established warrants substantially different discipline in this state; ... If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate. In the instant case, respondent has made no showing of infirmities in the Tennessee proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Tennessee as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according defei’ence, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). IsHere, there is little doubt that respondent’s conduct would warrant discipline in Louisiana. Under these circumstances, we agree that reciprocal discipline is warranted pursuant to Supreme Court Rule XIX, § 21. Because our rules do not provide for a public censure in bar disciplinary cases, we will impose a public reprimand, which is the closest equivalent available under our rules. DECREE Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Erica May Lotz, Louisiana Bar Roll number 31501, be publicly reprimanded.