PER CURIAM
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Maurice R. Franks, an attorney licensed to practice law in Louisiana, Tennessee, and Colorado, based upon discipline imposed by the Supreme Court of Colorado.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1987, respondent maintained a law office in Denver, Colorado, wherein he accepted new legal cases and collected retainers until October 21, 1987. On October 23, 1987, respondent essentially abandoned his law practice when he moved to Ireland without notice to most of his clients. Thereafter, respondent failed to file his 1988 annual registration statement or pay the $ 90 registration fee.
Seven of respondent's clients filed grievances with the Colorado Disciplinary *303 Counsel. Respondent failed to appear and answer a multiple count disciplinary complaint. The Supreme Court of Colorado ultimately found that respondent abandoned his law practice, converted his clients' funds to his own use, and failed to cooperate in the disciplinary proceedings. For this misconduct, the Supreme Court of Colorado disbarred[1] respondent and ordered him to make restitution to the seven clients in the total amount of $ 14,750.36.
After receiving notice of the Colorado order of discipline on January 27, 2017, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A copy of the Final Judgment and Order issued by the Supreme Court of Colorado was attached to the motion.
On September 7, 2018, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent did not file a response to the court's order.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Colorado proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Colorado as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own *304 sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, it is appropriate to defer to the Colorado judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of disbarment.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Maurice R. Franks, Louisiana Bar Roll number 5825, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.
WEIMER, J., would grant for a hearing.

According to the Colorado Rules of Civil Procedure, Rule 251.6(a), disbarment is the revocation of an attorney's license to practice law in the state for at least eight years, subject to readmission as provided by Rule 251.29(a), which provides in pertinent part that "[a] disbarred attorney may not apply for readmission until at least eight years after the effective date of the order of disbarment."